IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )
                                 )    CASE NO. BK17-40970
ADRIAN LEE QUEVEDO and           )
MARCELA ANN QUEVEDO,             )    CHAPTER 7
                                 )
            Debtor(s).           )

## ORDER

Hearing was held on September 13, 2017, on the Chapter 7 trustee's objection to exemptions (Fil. No. 17) and response by the debtors (Fil. No. 19). Stacy C. Bach appeared for the debtors and Philip M. Kelly appeared as the Chapter 7 trustee. Subsequent to the hearing, briefs and a stipulation of facts were submitted, and the matter is now ready for decision.

For reasons explained below, the objection to exemptions is moot in light of case law in this circuit precluding any effective relief for the trustee even if he were to prevail on the merits of the exemption.

The claimed exemption at issue here concerns the disbursement of funds from debtor Marcela Quevedo's retirement plan. Mrs. Quevedo's employment was terminated shortly before she and her husband filed this Chapter 7 petition. On June 8, 2017, an online distribution was completed whereby Mrs. Quevedo received a lump sum distribution of all funds in her 401(k) account through her former employer. The 401(k) account was closed and the account proceeds of $6,889.85 were directly deposited to Mrs. Quevedo's personal checking account the night before the bankruptcy case was filed. Most of the money has since been spent. The debtor takes the position that the funds should be exempt under Neb. Rev. Stat. § 25-1563.01[1] because they are directly traceable to her 401(k) plan, while the trustee argues the funds lost their designation as a retirement account as a result of the voluntary pre-petition transfer and simply became cash.

The parties have stipulated to the following facts:

1. The joint debtor Marcela A. Quevedo was employed by Mineral Technologies.

---

[1]25-1563.01. Stock, pension, or similar plan or contract; exempt from certain process; when

In bankruptcy and in the collection of a money judgment, the following benefits shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors: To the extent reasonably necessary for the support of the debtor and any dependent of the debtor, an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service[.]

  2.  Her employment was terminated effective May 19, 2017.

  3.  She signed an acknowledgment and certification on June 20, 2017, which was mailed to her. She did not personally meet with an HR person.

  4.  On May 24, 2017, she was sent a letter confirming that her last day with her employer was May 19, 2017.

  5.  On June 8, 2017, an online distribution was completed whereby the debtor received a lump-sum termination for her 401(k) account.

  6.  The effect of this was a liquidation of the 401(k) plan and a request that the funds be deposited by automatic check to a Wyoming State Bank account.

  7.  The funds were wired to Wyoming State Bank on June 19, 2017.

  8.  The funds were deposited in the joint debtor's account on June 21, 2017, in the amount of $6,889.85.

  9.  The debtors' Chapter 7 bankruptcy petition was filed on June 22, 2017.

  10.  On July 18, 2017, the Chapter 7 trustee advised the debtors at the § 341 hearing not to spend any of the money.

  11.  At the time of the § 341 hearing the debtors had already spent most of the money deposited into their account from the 401(k) funds. This was prior to the advisement made by the trustee at the § 341 hearing.

  Regardless of whether the proceeds would be exempt, they no longer exist. The debtors used the money for expenses prior to the § 341 meeting, even though it was property of the bankruptcy estate. If the court were to rule in the trustee's favor and hold that the funds were not exempt, the trustee nevertheless would have no way of recovering them. *Brown v. Pyatt (In re Pyatt)*, 486 F.3d 423 (8th Cir. 2007) (ruling that an entity lacking present possession of estate property cannot be compelled to turn over such property). This leaves the trustee with no viable remedy, even if he is correct that the funds are not exempt.  A case becomes moot when it is impossible for the court to grant any effectual relief to the prevailing party. *Knox v. Service Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012).

  There also is a strong argument the debtors could have made that the funds may well be exempt. Generally, four distribution options are available to an employee who leaves his or her employment before retirement: the employee can leave the retirement plan funds where they are, roll

them into a new employer's 401(k) plan, roll them into an IRA, or cash out the account.[2] The employee may choose either a direct rollover, where the plan administrator transfers the funds to another retirement account, or an indirect rollover, where the funds (less 20 percent withholding) are distributed to the employee, who then has 60 days to reinvest the funds. *See, e.g.*, 26 U.S.C. § 408(d)(3)(A).

Here, the trustee's objection to the claim of exemption was filed within 60 days after the debtor received the proceeds of her pension plan. Had she not spent the funds, she was still within the grace period to roll them into another account, during which time they may well have retained their exempt status. *See Hawk v. Engelhart (In re Hawk)*, 871 F.3d 287 (5th Cir. 2017) (holding that a Chapter 7 debtor who had made pre- and post-petition IRA withdrawals, which he used to pay living expenses, could exempt the funds under Texas law under the "fresh start" theory, and also because the trustee did not timely object to the claimed exemption).

The parties did not argue or brief the matter of the 60-day rule, and therefore the court is not ruling on its applicability. The court simply notes the rule may have favored the debtor on the merits of the objection, but the inability of the trustee to recover the proceeds even if he prevailed on this issue renders the matter an academic point.

IT IS ORDERED: The Chapter 7 trustee's objection to exemptions (Fil. No. 17) is moot.

DATED: October 20, 2017.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Philip M. Kelly
    Stacy C. Bach
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[2] A separate issue raised by the debtors concerns whether these options were appropriately explained to Mrs. Quevedo. That is not for this court to decide.